UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIAN MORRIS,

    Petitioner,

v.                                            Case No. 5:23-cv-201-RH/MJF

DR. CYNTHIA BRYAN, M.D.,

    Respondent.
_____/

## ORDER

On July 14, 2023, Petitioner filed a "Petition for Injunction for Protection Against Stalking" in the Circuit Court for the Fourteenth Judicial Circuit in and for Bay County, Florida. Doc. 1-1. Petitioner alleges that Respondent—a physician at the Veterans Affairs Outpatient Clinic in Panama City, Florida—has interfered with Petitioner's medical care. *Id.* at 3. On July 25, 2023, pursuant to 28 U.S.C. § 1442(a)(1), Respondent removed this action to the District Court because Respondent's complained-of conduct occurred while Respondent was a United States officer acting under the color of her office. Doc. 1.

Under section 1442(a)(1), a defendant can remove to federal court a state-court action brought against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of

such office." 28 U.S.C. § 1442(a)(1); *Watson v. Philip Morris Cos.*, 551 U.S. 142, 145 (2007); *Mesa v. California*, 489 U.S. 121, 124–25 (1989). The "removal must be predicated on the allegation of a colorable federal defense." *Mesa*, 489 U.S. at 129; *see Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969) (noting that section 1442(a)(1) "is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law"). "[I]t is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for Art. III purposes." *Mesa*, 489 U.S. at 136. "The colorable federal 'defense need only be plausible; its ultimate validity is not to be determined at the time of removal.'" *Caver v. Cent. Ala. Elec. Coop.*, 845 F.3d 1135, 1145 (11th Cir. 2017) (quoting *Magin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996)).

Here, Respondent's notice of removal does not set forth a "colorable federal defense." *See* Doc. 1. Additionally, the United States' motion for substitution as defendant does not set forth a "colorable federal defense." *See* Doc. 4. The motion for substitution suggests that Petitioner is asserting a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq. Id.* at 2. But as noted above, Petitioner filed a "Petition for Injunction for Protection Against Stalking," not a claim under the FTCA. It is unclear, therefore, whether removal under section 1442(a)(1) was lawful.

Accordingly, it is **ORDERED**:

1. **On or before August 7, 2023**, the parties shall each submit a brief that addresses whether removal was proper under 28 U.S.C. § 1442(a)(1). Among other things, the parties shall address any "colorable federal defense" that Respondent may assert.

2. A party's failure to comply with this order will cause this court to presume that that party consents to this action being remanded to the state court because the District Court lacks subject-matter jurisdiction.

**SO ORDERED** this <u>31st</u> day of July, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**